405 So.2d 359 (1981)
Raymond J. HEBERT
v.
COURNOYER OLDSMOBILE-CADILLAC-GMC, INC. et al.
No. 12308.
Court of Appeal of Louisiana, Fourth Circuit.
September 29, 1981.
Rehearings Denied November 9, 1981.
*360 Gordon Hackman, Boutte, for plaintiff-appellant.
Sessions, Fishman, Rosenson, Boisfontaine & Nathan, Jack M. Alltmont, New Orleans, for Cournoyer Oldsmobile-Cadillac-GMC, Inc.
Bernard, Cassisa, Babst & Saporito, Stephen N. Elliott, Metairie, for General Motors Corp.
Before REDMANN, SCHOTT and KLEES, JJ.
REDMANN, Judge.
Plaintiff appeals from the dismissal of his damage action on exception of prescription. The question is whether under La.C.C. 3519 the interruption of prescription by an earlier lawsuit "is considered as never having happened" when the judgment dismissing the earlier suit "without prejudice" (a few days before this suit was filed) is prefaced "after hearing ... stipulation by and between counsel ...," indicating a stipulation for a dismissal without prejudice, and the transcript shows "a joint motion of all counsel... to dismiss ... without prejudice."
The impasse at which plaintiff had arrived in the original suit was that, apparently through his own counsel's fault in not properly responding to discovery regarding expert witnesses, the trial judge would not allow plaintiff's expert to testify (in a case of a new automobile's self-igniting, burning itself and plaintiff's house as well). Had defense counsel opposed the motion for dismissal "without prejudice," plaintiff might have obtained review, by writ or post-trial appeal, of the trial judge's ruling on the expert (and might even have won the case on a res ipsa theory without the expert). Instead, defense counsel joined in the motion to dismiss "without prejudice" and ought not now to be heard to insist that the dismissal was with prejudiceprejudice to the point of extinction of plaintiff's claim by prescription.
Our case is therefore distinguished from Adams v. Aetna Cas. & S. Co., 214 So.2d 148 (La. 1968), in which plaintiff alone, prior to answer, moved for and obtained dismissal "without prejudice" as La.C.C.P. 1671 expressly provides prior to answer; indeed, opposing counsel's recollection, at p. 150, n.1, was that "[I] did not object to the Rhodes' dismissal of the action but that I wanted the record to show that I was not concurring in it." (Emphasis that court's.) Certainly a plaintiff cannot deprive a defendant of prescriptive rights by unilaterally obtaining a dismissal "without prejudice": C.C.P. 1671 cannot be construed to annul C.C. 3519.
Nor is our case comparable to Guillory v. Prairie Const. Co., 234 So.2d 486 (La.App. 3 Cir. 1970), in which plaintiff alone moved and obtained dismissal "without prejudice" at trial time, as C.C.P. 1672 gives the judge discretion to decide (despite the trial judge's advice plaintiff "might be faced with a plea of prescription"). Guillory rejected the argument that a dismissal was not voluntary because plaintiff (having fired his first lawyer and done nothing about getting another until the morning of trial) had no possibility of winning had he gone to trial (because he had no medical evidence for his workers' compensation claim). Our plaintiff both had a possibility that he forwent, and did not move dismissal alone but by "joint motion of all counsel."
We conclude that a joint motion of all counsel to dismiss an action "without prejudice" bars defense counsel from asserting that dismissal to the prejudice of *361 plaintiff in a later action. Defendants' exception of prescription should therefore have been overruled on the ground that the earlier action interrupted and suspended prescription during its pendency, C.C. 3518, and that C.C. 3519 is not applicable to defeat the effect of that interruption and suspension.
Reversed and remanded.
PER CURIAM.
Defendant's application for rehearing argues very persuasively that "approval or disapproval of the defendants [of a trial court's dismissal `without prejudice' is] irrelevant," a view with which we do not disagree. Our case, however, is not a simple one of a "plaintiff ... voluntarily dismiss[ing]," C.C. 3519, an action: it is one of a joint motion of all counsel to dismiss without prejudice.
Rehearing is therefore refused.