Raymond D. LOUVIERE,
Plaintiff-Appellant,

v.

SHELL OIL CO., et al.,
Defendants-Appellees.

Charles J. MARTINEZ,
Plaintiff-Appellant,

v.

SHELL OIL CO., et al.,
Defendants-Appellees.

No. 81–3518.

United States Court of Appeals,
Fifth Circuit.

April 25, 1983.

Thomas Robert Shelton, Aubrey E. Denton, Clement Story, III, Lafayette, La., for plaintiffs-appellants.

Christovich & Kearney, W.K. Christovich, New Orleans, La., for Pacific Indem. Co., Teledyne Movible Offshore, Movible Offshore, Inc., and Teledyne, Inc.

Caffery, Duhe & Davis, Patrick T. Caffery, David R. Dugas, New Iberia, La., for Texasteam Corp.

John O. Charrier, Jr., Robert T. Lemon, II, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for Shell Oil Co. and Travelers Ins. Co.

Joel L. Borrello, Adams & Reese, New Orleans, La., for Argonaut Ins. Co.

Before BROWN, RUBIN and REAVLEY, Circuit Judges.

PER CURIAM:

This appeal presents important issues of Louisiana law that are particularly appropriate for resolution by the Louisiana Supreme Court. Raymond Louviere and Charles Martinez, employees of Teledyne Movible Offshore (Teledyne), were allegedly injured on May 6, 1970, when a hot water heater exploded in the living quarters of an offshore drilling platform owned by Shell Oil Company (Shell). Argonaut Insurance Company (Argonaut), Teledyne's compensation carrier, paid compensation benefits under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* (1976), to Louviere, Martinez, and other workers without entry of a formal award because Teledyne did not contest the workers' right to compensation. On May 5, 1971, Argonaut filed suit in federal court against Shell and other defendants, seeking reimbursement for the compensation benefits paid.

On February 27, 1973, Louviere filed a separate lawsuit in federal court against the defendants named in the Argonaut action to recover damages for his injuries.

On April 16, 1976, Martinez filed his own lawsuit in federal court against the defendants named in the Argonaut action, as well as other defendants, for the injuries he allegedly sustained because of the explosion. Neither Martinez nor Louviere intervened in the Argonaut suit. The Louviere and Martinez actions were consolidated. After considering memoranda submitted by the parties addressing the effect of the Argonaut suit on the running of the prescriptive period applicable to the consolidated actions, the federal district court granted summary judgment for the defendants and dismissed the consolidated actions on the ground that the plaintiffs' actions had prescribed. The court reasoned that the filing of the Argonaut suit had started again the running of the one-year prescriptive period applicable to the Louviere and Martinez actions, but that neither plaintiff had instituted his suit before the one-year period expired. Louviere and Martinez appealed the district court's order of dismissal to this court.

It appears to us that this case involves questions of law for which there is no controlling precedent in the decisions of the Louisiana Supreme Court. Under these circumstances, we certify the following questions to the Louisiana Supreme Court, pursuant to La.S.Ct.R. 12: [1]

> Assuming that the filing of suit by a compensation carrier interrupts prescription of claims subsequently filed by injured workers that arise from the same events as the compensation carrier's lawsuit, is the effect of the interruption that the prescriptive period for the workers' claims begins to run again from the date the compensation carrier files suit? Or is prescription interrupted or suspended throughout the pendency of the compensation carrier's suit?

With the understanding that the Louisiana Supreme Court is not restricted to our articulation of the question, *Martinez v. Rodriguez*, 394 F.2d 156, 159 n. 6 (5th Cir.1968), we seek its assistance and guidance.

QUESTIONS CERTIFIED.

---

1. La.S.Ct.R. 12 provides in pertinent part:

RULE XII. CERTIFIED QUESTIONS FROM FEDERAL COURTS

Section 1. When it appears to the Supreme Court of the United States, or to any circuit court of appeal of the United States, that there are involved in any proceedings before it questions or propositions of law of this state which are determinative of said cause independently of any other questions involved in said case and that there are no clear controlling precedents in the decisions of the supreme court of this state, such federal court before rendering a decision may certify such questions or propositions of law of this state to the Supreme Court of Louisiana for rendition of a judgment or opinion concerning such questions or propositions of Louisiana law. This court may, in its discretion, decline to answer the questions certified to it.

Section 2. The provisions of this rule may be invoked by the Supreme Court of the United States or any circuit court of appeal of the United States upon its own motion or upon the suggestion or motion of any interested party.

Section 3. The certificate provided for herein shall contain the style of the case, a statement of facts, showing the nature of the cause and the circumstances out of which the questions or propositions of law arise, and the question or questions of law to be answered.

Section 4. The certificate may be prepared by stipulation or as directed by such certifying court. When prepared and signed by the Chief Justice of the United States Supreme Court or by the presiding judge of the court of appeal of the United States, whichever be the certifying court, it shall be certified to the Supreme Court of this state by the clerk of the certifying court and under its official seal. The original or copies of all or any portions of the record before the certifying court, as it may direct or as either party may request, shall be filed with the said certificate. If all of the record has not been filed, the Supreme Court of Louisiana may in its discretion order that all or any portion of the remaining record be filed with a proper certificate as herein described.