433 So.2d 866 (1983)
Drs. Horace CHALSTROM, Ernest Lorch and Sidney Tiblier, Jr.
v.
Mr. and Mrs. Keith M. DESSELLES Individually and on Behalf of their minor child Brian DESSELLES.
No. CA 0577.
Court of Appeal of Louisiana, Fourth Circuit.
June 3, 1983.
*867 Franklin D. Beahm, Hammett, Leake & Hammett, New Orleans, for plaintiffs-appellants.
Fred L. Herman, Herman, Herman & Katz, New Orleans, for defendants-appellants.
R. Gordon Kean, Jr., Charles S. McCowan, Jr., Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, for Louisiana State Medical Soc., amicus curiae.
Peter T. Dazzio, Todd A. Rossi, Watson, Blanche, Wilson & Posner, Baton Rouge, for Louisiana Hosp. Ass'n, amicus curiae.
Before REDMANN, C.J., and BARRY and WARD, JJ.
REDMANN, Chief Judge.
When two or more health care providers are solidarily liable for damages arising from patient care, does the patient's timely action for those damages against one keep alive his rights against the others beyond the three-year limit of La.R.S. 9:5628[1]? We answer yes, affirming a judgment which refused to declare those rights extinguished.
If the timely action against a solidary co-obligor had not been filed, the three-year limit of R.S. 9:5628 would defeat any action, notwithstanding that the malpractice was neither known nor reasonably knowable by the patient prior to the three-year limit and that the patient might under prior law have invoked the doctrine that prescription does not run against one unable to act; Chaney v. State of La., DHHR, 432 So.2d 256 (La.1983).
But the filing of an action against one solidary obligor ordinarily interrupts prescription as to all, La.C.C. 2097 and 3552.[2] And we deem the three-year limit of R.S. 9:5628 simple prescription, and not, as appellants *868 argue, peremption, "a form of prescription... with the characteristic that it does not admit of interruption or suspension...," Flowers, Inc. v. Rausch, 364 So.2d 928, 931 (La.1978).
The Act which enacted R.S. 9:5628, La. Acts 1975 No. 808, bore a title as required by La. Const. art. 3 § 15(A) to indicate its object: "to provide for a maximum prescriptive period and abandonment with respect to medical malpractice claims." To interpret that Act as creating a peremption, rather than a maximum prescription, would allow it to accomplish an object not stated in its title and thus make it unconstitutional.
The Louisiana supreme court in Chaney (as in Lott v. Haley, 370 So.2d 521 (La. 1979)) expressly treats R.S. 9:5628 as prescriptive, at considerable length (although the peremption argument was apparently not made). Chaney notes that the statutory purpose for the three-year period is to place a second limit on the ordinary one-year-from-discovery rule that would previously have allowed a malpractice action at any time within one year from discovery, regardless of how long after the act of malpractice.
The Louisiana supreme court has also ruled, on the question of whether a limitative period should be held peremptive, that the ultimate test is the "legislative intent revealed by the statute in its entirety, including the purpose sought to be achieved." Guidry v. Theriot, 377 So.2d 319, 325 (La. 1979); Pounds v. Schori, 377 So.2d 1195 (La.1979).
Considered in its entirety, R.S. 9:5628 first restates the basic tort prescription of one year and incorporates the jurisprudential rule that the one year runs from the time of later discovery of the malpractice, and then adds a limit upon the one-year-from-discovery by providing that "even as to claims filed within one year from ... discovery, in all events such claims must be filed at the latest within" three years of the malpractice. Reassured by Chaney's exposition, we find nothing in the statute to intend peremption rather than prescription.
Nor does the purpose sought to be achieved evince such a legislative intent. Appellants argue a purpose to still a "malpractice crisis," but the title of the Act refers to a "maximum prescriptive period." The Act surely intended a time limitation (perhaps its authors considered, in addition to the year-from-discovery rule, the ten-year prescription of contractual actions, even if only for contractual damagese.g., the cost of doing the operation correctly, as in Creighton v. Karlin, 225 So.2d 288 (La. App. 4 Cir.1969), writ denied 254 La. 842, 227 So.2d 590). But that intent was accomplished, as Chaney demonstrates, without the necessity of deeming the limitation a peremption rather than prescription.
We have considered the additional factors suggested in Comment, Legal Rights and the Passage of Time, 41 La.L.Rev. 220 (1980), such as the private nature of the claim and the length of the limitative period. As did Guidry, 377 So.2d at 325, we find no "impelling reasons of public policy why the statute ... should be held peremptive."
We conclude that R.S. 9:5628 establishes a simple prescription, even in its three-year period.
The consequence is that the timely action against one solidary obligor interrupts the prescription of R.S. 9:5628 as to all.
One amicus curiae especially argues that any interruption from the earlier action merely starts the basic one-year prescriptive period anew.
We reject the view that a lawsuit's interruption is merely momentary, for the Civil Code does not distinguish between the interruption as to the sued and that as to the non-sued solidary obligors, and it is beyond discussion that one who has been timely sued in tort cannot defeat the claim a year later on a theory that prescription immediately began to run anew and has meanwhile accrued.
The amicus curiae cites obiter dictum from Guidry, 377 So.2d at 327:
"Assuming prescription [of the victim's children's wrongful death action] was interrupted *869 by the filing of the initial action by the tort victim ..., it was incumbent upon them to bring their wrongful death action within one year of the interruption...."
That language's introductory "assuming" clause indicates its obiter nature. The court did earlier, at 326,
"hold ... that although the wrongful death action arises from a common tort, it is a separate and distinct action from the survival action. It never existed or arose in favor of the victim."
Thus Guidry's wrongful death action could as well have been a suit on a note, prescription on which would surely not have been interrupted by the payee's parent's personal injury action against the maker. A reading of Guidry as a whole persuades us that the separateness and distinctness of the actions was the court's ratio decidendi, and that the "assuming" language was not essential to the decision.
Louviere v. Shell Oil Co., 703 F.2d 846 (5 Cir.1983), in certifying the question to the Louisiana supreme court, declares that there is no controlling precedent by the Louisiana supreme court deciding whether interruption by suit continues during the pendency of the suit (although Louviere involves facts dissimilar to ours). We conclude that established principles answer that question. Prescription cannot accrue in favor of a timely-sued debtor while the lawsuit is pending (save after five years of inaction, C.C.P. 561 and former C.C. 3519), and "A suit brought against one of the debtors in solido interrupts prescription with regard to all," C.C. 2097 (see also C.C. 3552). We know of no basis to hold that the interruption with regard to all solidary obligors is somehow different as to some. We are convinced that the interruption by suit against one solidary obligor continues as to all solidary obligors until the suit against the one is terminated.[3]
Affirmed.
NOTES
[1] A. No action for damages for injury or death against any physician, chiropractor, dentist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.

B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
Added by Acts 1975, No. 808, § 1. Amended by Acts 1976, No. 214, § 1.
[2] Also relevant is that if one solidary obligor is alone sued and judgment executed against that one alone, that one has the right to contribution from the others, C.C. 2103, by later, separate action, C.C.P. 1113. Prescription against the later action for contribution does not begin to run until the judgment is paid, and the prescription is that of ten years applicable to quasi contract, rather than the original prescriptive period, such as the one-year prescription of tort; Foster & Glassell Co. v. Knight Bros., 152 La. 596, 93 So. 913 (1922). See also Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967), although the action de in rem verso there enforced may not be available against one's solidary co-obligors.
[3] We note for any reviewing court that the demand against the alleged other solidary obligors asserts discovery of their responsibility on January 31, 1981, and the demand was made within a year of that discovery although four years and nine months after the alleged malpractice. But it is logically and semantically difficult to reason that a new period of "three years from the date of the alleged [malpractice]" could be created as a second limit on the one year from discovery. We have therefore felt obliged to rule on the question of whether the interruption by suit continues during the pendency of the suit.