Raymond D. LOUVIERE,
Plaintiff-Appellant,

v.

SHELL OIL CO., et al.,
Defendants-Appellees.

Charles J. MARTINEZ,
Plaintiff-Appellant,

v.

SHELL OIL CO., et al.,
Defendants-Appellees.

No. 81–3518.

United States Court of Appeals,
Fifth Circuit.

Dec. 12, 1983.

Thomas Robert Shelton, Aubrey E. Denton, Clement Story, III, Lafayette, La., for plaintiff-appellant.

Christovich & Kearney, W.K. Christovich, New Orleans, La., for Pacific Indem. Co., Teledyne Movible Offshore, Movible Offshore, Inc. and Teledyne, Inc.

Caffery, Duke & Davis, Patrick T. Caffery, David R. Dugas, New Iberia, La., for Texasteam Corp.

Jones, Walker, Waechter, Poitevent, Carrere & Denegre, John O. Charrier, Jr., Robert T. Lemon, II, New Orleans, La., for Shell Oil Co. and Travelers Ins. Co.

Adams & Reese, Joel L. Borrello, New Orleans, La., for Argonaut Ins. Co.

Before BROWN, RUBIN, and REAVLEY, Circuit Judges.

PER CURIAM:

In accordance with the opinion of the Louisiana Supreme Court in *Louviere v. Shell Oil Company,* 440 So.2d 93, a copy of which is attached, the judgment of the district court dismissing this suit is REVERSED and the case is REMANDED for further proceedings consistent with that opinion.

* BAILES, J., sitting for MARCUS, J.

APPENDIX

Raymond D. Louviere

versus

Shell Oil Co., et al.

Charles J. Martinez

versus

Shell Oil Co., et al.

No. 83–CQ–1093.

Supreme Court of Louisiana.

Oct. 17, 1983.

Certification From the United States Court of Appeals, Fifth Circuit.

LEMMON, Justice.*

The United States Court of Appeals, Fifth Circuit, 703 F.2d 846, certified a question of state law to this court pursuant to Rule 12, Rules of the Supreme Court of Louisiana (1973). We agreed to answer the certified question, which involves the effect of the filing of suit as an interruption of prescription in a tort action. 434 So.2d 411.

The basic litigation involves injuries caused by the May 6, 1970 explosion of a heater on an offshore drilling platform owned by Shell Oil Company. Plaintiffs Raymond Louviere and Charles Martinez, employees of Teledyne Movible Offshore, were injured in the explosion. Argonaut Insurance Company, Teledyne's compensation insurer, paid federal compensation benefits to plaintiffs and other similarly injured Teledyne employees.

During the year following the explosion, several persons filed personal injury actions to recover damages incurred in the explosion.[1] On May 5, 1971, Argonaut filed a suit in federal court which asserted that plaintiffs and other Teledyne employees had been injured in the explosion, that Argonaut had paid compensation benefits to these injured employees, and that Shell and other defendants were liable for the acci-

---

1. One such suit was *Olsen v. Shell Oil Co.,* 365 So.2d 1285 (La.1978), on certification from the Fifth Circuit.

dent and were therefore obligated to reimburse Argonaut for the benefits paid to the injured employees.

In 1973 and 1976, while the Argonaut suit was still pending, plaintiffs Louviere and Martinez filed the instant actions, demanding damages for personal injuries incurred in the explosion, against several defendants, including those named in the Argonaut suit. The federal district court dismissed both suits.[2] Although acknowledging that the Argonaut suit interrupted prescription on behalf of these plaintiffs whose cause of action arose out of the same facts, the court concluded that prescription had been interrupted only momentarily by the filing of the Argonaut suit and had immediately begun to run anew, so that plaintiffs' suits, filed more than one year after the filing of the Argonaut suit, were untimely. On appeal, the Fifth Circuit noted that the Supreme Court of Louisiana had not squarely answered the question of the effect of interruption of prescription under these circumstances and therefore certified the following questions:

"Assuming that the filing of suit by a compensation carrier interrupts prescription of claims subsequently filed by injured workers that arise from the same events as the compensation carrier's lawsuit, is the effect of the interruption that the prescriptive period for the workers' claims begins to run anew from the date the compensation carrier files suit? Or is prescription interrupted or suspended throughout the pendency of the compensation carrier's suit?

"With the understanding that the Louisiana Supreme Court is not restricted to our articulation of the question, *Martinez v. Rodriguez*, 394 F.2d 156, 159 n. 6 (5th Cir.1968), we seek its assistance and guidance.

"QUESTIONS CERTIFIED." 703 F.2d 846 (5th Cir.1983).

While the Fifth Circuit's questions are based on the assumption that the filing of suit by an employer's compensation insurer interrupts prescription on claims by injured employees of the employer, the *reason* for the interruption must be considered in determining the *effect* of the interruption.

The filing by one party of a suit to recover his damages usually does not affect the running of prescription against other parties who sustained separate damages in the same accident.[3] However, a timely petition by an employer's workmen's compensation insurer, seeking recovery of compensation benefits paid to an injured employee against a tortfeasor who caused the injury to the employee, interrupts prescription, thereby permitting the employee to file an action for his own damages after the anniversary date of the accident. The reason is that there is only one principal cause of action, and the compensation insurer is asserting part of the employee's cause of action, because the insurer has paid part of the employee's damages and is entitled to recover to the extent of those payments as partial subrogee.

A cause of action consists of the material facts which form the basis of the right claimed by the party bringing the action. *Trahan v. Liberty Mut. Ins. Co.*, 314 So.2d 350 (La.1975); *Baker v. Payne and Keller of La.*, 390 So.2d 1272 (La.1980). The claims of both the employee and the compensation insurer in the present cases are based on the cause of action consisting of the material facts which are the basis of the employee's right to recover damages, and suit by either the employee or the employer's compensation insurer interrupts prescription for both as to this single cause of action. *Na-*

---

2. Actually, the federal district court dismissed Louviere's suit as prescribed shortly after the filing, but the Fifth Circuit reversed, holding that Argonaut's suit interrupted prescription on Louviere's claim against the same defendants. *Louviere v. Shell Oil Co.*, 509 F.2d 278 (5th Cir.1975). On remand, the Louviere suit was consolidated in the district court with the Martinez suit.

3. For example, plaintiffs do not contend that Olsen's suit (cited in footnote 1) to recover his damages resulting from the heater explosion interrupted prescription on plaintiffs' cause of action to recover their damages resulting from the same accident.

*tional Sur. Corp. v. Standard Accident Ins. Co.,* 247 La. 905, 175 So.2d 263 (1965); *Allstate Ins. Co. v. Theriot,* 376 So.2d 950 (La. 1979).[4]

This reasoning is supported by reference to La.R.S. 9:5801, which at the time of the accident provided that "[a]ll prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants . . . by the commencement of a civil action in a court of competent jurisdiction and in the proper venue".[5] Thus, while the running of prescription without the filing of a suit would operate to release a defendant from an obligation to several parties who share a particular cause of action, *all* prescriptions affecting that cause of action are interrupted when a proper party judicially asserts the cause of action.[6]

Accordingly, when several parties share a single cause of action (as through partial subrogation), suit by one interrupts prescription as to all. However, when a suit by a second party states a different cause of action than the suit by the first party, although each cause of action is based in part on common facts, the first suit does not interrupt prescription as to the subsequent cause of action. See *Guidry v. Theriot,* 377 So.2d 319 (La.1979), in which this court held that because the wrongful death and survival actions are based on two separate and distinct causes of action, a timely survival action does not interrupt prescription as to the wrongful death claim.

We turn now to the effect of the interruption of prescription by the filing of a suit.

Once a suit interrupts prescription, that interruption continues during the pendency of the suit. La.C.C. Art. 3463, enacted in 1982, clearly states this proposition, and Official Revision Comment (a) notes that

---

**4.** The *National Surety* decision held that a timely suit by an employer's compensation insurer under La.R.S. 23:1101–1103 interrupts prescription for the injured employee as well, because the statute gives only one cause of action based on the single tort which caused injury to the employee. The insurer's right to recover is based on the basic right of the employee to recover damages from the particular defendants.

The *Allstate Ins. Co.* decision held that the employer's compensation insurer's timely suit interrupted prescription as to any claim for the employee's damages, whether the claims are by the employee himself or by the insurer. The court further held that dismissal of the insurer's main demand on an exception of no cause of action did not affect the employee's incidental demand (filed more than one year after the accident, but before judicial dismissal of the main demand), because the main demand had interrupted prescription in favor of the intervenor when the intervention was filed. The court further observed that the first suit gave defendant notice that he may be held liable on a cause of action arising from a particular factual occurrence, and the subsequent filing of suit by another plaintiff on the same cause of action, based on the same facts, was not prejudicial to him. However, the court noted that when the "subsequent claimant is a different person than the original plaintiff, then to interrupt prescription the first suit must not only be based upon the same factual occurrence as the subsequent claim . . . [but] the subsequent claimant must also be closely connected in relationship and

identity of interest with the original plaintiff." 376 So.2d at 954.

See also *Nini v. Sanford Bros., Inc.,* 276 So.2d 262 (La.1973), a workmen's compensation case in which suit was filed within one year of the last compensation payment. However, the client had died before the attorney filed suit, and the widow was substituted as party plaintiff more than a year after the last compensation payment. The court held that the suit, authorized by and filed on behalf of the client, interrupted prescription, noting that the essence of interruption of prescription by suit was notice to the defendant of legal proceedings based on the claim involved.

**5.** La.R.S. 9:5801 was repealed in 1982, but the substance of the statute was included in La. C.C. Art. 3462, enacted by Act 187 of 1982, which provides:

"Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period."

**6.** The reasoning is further emphasized by La. C.C. Art. 3528, which provides:

"The prescription which operates a release from debts, discharges the debtor by the mere silence of the creditor during the time fixed by law, from all actions, real or personal, which might be brought against him."

there is no change in that law. Some intermediate decisions have spoken of the filing and pendency of a suit as *interrupting and suspending* prescription.[7] However, the correct characterization is continuous interruption, rather than interruption and suspension of prescription.[8] See Dainow, Prescription, The Work of the Louisiana Appellate Courts for the 1967–1968 Term, 29 La. L.Rev. 230 (1969).

This court applied the theory of continuous interruption during the pendency of a suit in *Allstate Ins. Co. v. Theriot,* above. The injury to the employee occurred on March 6, 1974, and Allstate, the employer's compensation insurer, timely filed suit on January 22, 1975. The employee's suit, filed August 17, 1976, would not have been timely save for the 20-month interruption of prescription afforded him by the pendency of Allstate's suit.

Defendants argue, however, that almost every previous decision involving continuous interruption of tort prescription has involved an interruption by the filing of one suit and a subsequent suit (timely only because of the continuous interruption) filed by the *original* plaintiff.[9] Defendants point out that the *National Surety, Nini* and *Allstate* cases are the only decisions of this court which have involved two separate claimants and that the second claimant's suit in two of those cases (*National Surety* and *Nini*) was filed within one year of the filing of the first claimant's suit. Thus, according to defendants, the *Allstate* case stands alone among this court's decisions in allowing a suit by a second claimant more than one year after the first claimant's suit interrupted prescription, and the *Allstate* decision was later undermined by certain language in the opinion in *Guidry v. Theriot,* above.

The language in the *Guidry* case referred to by defendants was pure dicta.[10] Since the court held that the wife's filing of the original tort suit (in which the husband substituted himself as party plaintiff after the wife's death) did not interrupt prescription on the husband's and children's wrongful death claim, any comment on the prescriptive period *after* an interruption was

7. See *Hebert v. Cournoyer Oldsmobile-Cadillac-GMC, Inc.,* 405 So.2d 359, 361 (La.App. 4th Cir.1981), in which the court stated that an earlier lawsuit by plaintiff had "interrupted and suspended prescription". See also *Marshall v. Southern Farm Bureau Casualty Co.,* 204 So.2d 665, 667 (La.App. 3rd Cir.1967), wherein the court stated that the pendency of plaintiffs' wrongful death suit in federal court "suspended the prescriptive or peremptive period".

8. The basic difference between interruption and suspension of prescription is the length of the prescriptive period when prescription begins to run anew. When prescription is interrupted, the prescriptive period starts over in its entirety upon cessation of the interruption. Thus, when a one-year prescriptive period is interrupted at any time during the year by the filing of suit and the suit is subsequently dismissed without prejudice, the plaintiff has another full year in which to bring another suit, and that second one-year period begins to run from the last day of interruption. See La.C.C. Art. 3466. On the other hand, if a one-year prescriptive period is suspended for any reason, the "clock" merely stops during the suspension and starts again at the cessation of the suspension, so that the obligee has only so much of the one year as was remaining when the suspension began. Only the period of sus-

pension is not counted toward the accrual of prescription. See La.C.C. Art. 3472.

9. For example, in *Levy v. Stelly,* 277 So.2d 194 (La.App. 4th Cir.1973), cert. denied, 279 So.2d 203 (La.1973), the plaintiff filed a tort suit within the year in state court and after the year in federal court. When the state court suit was dismissed without prejudice and subsequently refiled, the court held that the second state suit was timely since prescription had been continuously interrupted by either the first state suit or the federal suit.

10. The precise language in the *Guidry* case, which is relied upon by defendants in this case, is:

"Assuming prescription was interrupted by the filing of the initial action by the tort victim and the father of these beneficiaries, it was incumbent upon them to bring their wrongful death action within one year of the interruption which they did not do. We expressly hold that regardless of whether an action is brought for damages sustained by the tort victim, before or after the victim expires, *the prescriptive period of bringing the wrongful death action is* one year after date of the demise or *within one year of interruption of the prescriptive period if an interruption is shown.* (Emphasis supplied)

not necessary to the holding. Furthermore, the cause of action for wrongful death did not even accrue until almost five months after the first suit was filed. Nevertheless, we now expressly repudiate the language in the *Guidry* case relating to the effect of interruption.

In effect, defendants are asking us to hold that (in one-year prescription cases) continuous interruption only operates on behalf of the party who filed suit and that any other party sharing the cause of action receives the benefit of interruption for only one year. Perhaps it would be equitable to require a party, who depends upon an interruption caused by another party's filing of suit, to file suit within one year of the filing of the first suit. However, the reason prescription is interrupted at all is because there is only one principal cause of action, and *all* prescriptions affecting that cause of action are interrupted by the suit and remain continuously interrupted as long as the suit is pending. The corollary is that *all* prescriptions begin to run anew *only* from the last day of interruption. See La.C.C. Art. 3466. This is the consistent theme of the statutes and codal articles and the jurisprudence interpreting them.

Accordingly, we answer the certified questions as follows:

> When an employer's compensation insurer files suit to recover compensation benefits paid to an injured employee and thereby interrupts prescription on the employee's claim arising from the same cause of action, prescription is continuously interrupted during the pendency of the insurer's suit.

Pursuant to Rule 12, Section 8, Rules of the Supreme Court of Louisiana (1973), the judgment rendered by this court upon the questions certified shall be sent by the clerk of this court under its seal to the United States Court of Appeals, Fifth Circuit, and to the parties.

BLANCHE, J., dissents and will assign reasons.

Dissenting Opinion Oct. 19, 1983.

BLANCHE, Justice (dissenting).

Assuming that prescription *was* interrupted as to plaintiff/employees by the filing of suit by the compensation insurer, it is far from certain that prescription remained interrupted as to the employees during the lengthy pendency of the insurer's suit. The majority opinion recites La.C.C. art. 3463 for the proposition that once prescription is interrupted by the filing of suit, that interruption continues through the course of the litigation.

Unquestionably, that proposition is true as regards the interruption of prescription with respect to the party filing suit. The instant case presents a different situation—a jurisprudentially created interruption of prescription to benefit parties bringing separate suits on the same purported cause of action. *National Surety Corporation v. Standard Accident Ins. Co.,* 247 La. 905, 175 So.2d 263 (1965). Ostensibly, a party's right to sue on the same cause of action after his claim would have prescribed is justified under the theory that the timely filing party has given defendant notice of suit under the single cause of action. However, is it reasonable to allow a plaintiff who did not file timely to begin with an almost unlimited amount of time to file suit where the litigation, as in the instant case, has gone on for three to six years? Moreover, is it fair to allow one prospective plaintiff several years to bring his claim, simply because his employer's compensation insurer filed suit timely, while other plaintiffs injured in the same accident are limited to one year in which to bring their claim?

The more reasonable view would be to allow plaintiffs suing on the same cause of action as a timely filed claim one year from the date of the interruption/filing in which to bring their own claims. This approach would comport with the notice principle of *National Surety,* and in consonance with the social interest which prescription laws seek to protect.

For these reasons, I respectfully dissent.