Mrs. Sandra A. BILLIOT,
Plaintiff-Appellant,

v.

AMERICAN HOSPITAL SUPPLY
CORPORATION, et al.,
Defendants-Appellees.

No. 83–3260
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 19, 1983.

Rehearing Denied Jan. 16, 1984.

Bruno & Bruno, Joseph M. Bruno, New Orleans, La., for plaintiff-appellant.

Hammett, Leake & Hammett, New Orleans, La., for defendants-appellees.

Adams & Reese, Albert S. Dittmann, Jr., Harold A. Thomas, New Orleans, La., for Pollack.

Before BROWN, TATE and HIGGINBOTHAM, Circuit Judges.

TATE, Circuit Judge:

Pursuant to Fed.R.Civ.P. 54(b) certification, the plaintiff appeals from the dismissal as prescribed of her Louisiana diversity suit against a doctor. The district court held that the suit was time-barred by the prescriptive period applicable to medical malpractice suits. La.R.S. 9:5628 (1975). Subsequent to the district court's decision, a Louisiana intermediate court reached an opposite conclusion based upon Louisiana statute and decisions. *Chalstrom v. Desselles,* 433 So.2d 866 (La.App. 4th Cir.), *cert. denied,* 438 So.2d 215 (La.1983). *Erie*-bound, we reverse, finding that the tolling of prescription was interrupted by a timely-filed suit against a solidary obligor.

Mrs. Billiot, the plaintiff, sues several defendants for damages arising from surgery performed on her on August 1, 1977. The surgery involved allegedly negligent insertion in each of the plaintiff's breasts of an allegedly defectively designed and manufactured mammary prosthesis. On February 13, 1980, one of the prosthesis burst out, and both were required to be surgically removed.

On September 19, 1980, Mrs. Billiot filed suit against the manufacturers; this suit, being filed within a year of the date of the first manifestation of the damages sustained through the allegedly defective design and manufacture of the prostheses, was timely filed within the one-year prescriptive delay allowed to commence actions for damages resulting from delictual offenses. La.Civ.Code arts. 3536, 3537 (1902). *See also Coon v. Blaney,* 311 So.2d 622, 624 (La.App.3d Cir.1975).

On September 7, 1981, Mrs. Billiot filed an amended complaint joining as defendant the operating surgeon, Dr. Pollock, alleging that the injuries sought resulted *both* from the defective design and manufacture of the mammary prostheses by the defendant manufacturers *and* the negligent placement of the prostheses by the operating surgeon, Dr. Pollock. The surgeon was thus impleaded as a defendant more than three years after his allegedly negligent operation in 1977.

The district court dismissed this suit as time-barred, reasoning that the claim against Dr. Pollock was prescribed because neither Dr. Pollock nor any other defendant had been sued within three years from Dr. Pollock's alleged "act, omission, or neglect," as required by La.R.S. 9:5628,[1] applicable to medical malpractice actions.

On her appeal, Mrs. Billiot urges that the district court erred in failing to apply Louisiana Civil Code article 2097, which provides: "A suit brought against one of the debtors *in solido* interrupts prescription with regard to all." *See also* La.Civ.Code arts. 2090, 3552. She points out that her 1980 suit against the manufacturer had interrupted prescription against those defendants, and she argues that, therefore, this timely suit likewise interrupted prescription against the defendant surgeon, solidarily bound with the manufacturer for the damages caused by their concurring fault, under the literal terms of the code article.

Without serious dispute, Dr. Pollock and the manufacturers of the prostheses are

---

1. La.R.S. 9:5628 provides:

No action for damages for injury or death against any physician, chiropractor, dentist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.

bound in solido under Louisiana law for the plaintiff's injuries. Under the allegations of original and amended complaints, the doctor and the manufacturer are solidarily liable for the injuries produced by their concurring fault, La.Civ.C. art. 2324,[2] with the present defendant doctor's liability likewise solidary with that of the defendant manufacturer, since each is bound for the same obligation, although arising out of different acts, so that each may be compelled to pay the whole and so that payment by one exonerates the other. La. Civ.C. arts. 2091, 2092;[3] *Foster v. Hampton*, 381 So.2d 789 (La.1980); Johnson, *Obligations, The Work of the Louisiana Appellate Courts for the 1979–1980 Term*, 41 La. L.Rev. 355–58 (1981). *See also Carter v. Epsco, Inc.*, 681 F.2d 1062, 1066 (5th Cir. 1982).

Subsequent to the district court's ruling in this case, a Louisiana appellate court in *Chalstrom v. Desselles*, 433 So.2d 866 (La. App. 4th Cir.), *cert. denied*, 438 So.2d 215 (1983), facing similar contentions and generically identical facts,[4] held that the plaintiff kept alive his rights against a physician by timely filing suit against the physician's alleged solidary obligor even though at that time more than three years had elapsed from the time of the physician's "alleged act, omission, or neglect." Finding *Chalstrom* dispositive of the issues raised on this appeal, we REVERSE the district court's ruling dismissing the plaintiff's claim against Dr. Pollock, and we REMAND for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

**2.** Article 2324 (as amended in 1979) in part provides: " * * * Persons whose concurring fault has caused injury, death or loss to another are also answerable, *in solido* * * *."

**3.** Article 2091 provides:
   There is an obligation *in solido* on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor.
   Article 2092 provides:
   The obligation may be *in solido,* although one of the debtors be obliged differently from

the other to the payment of one and the same thing; for instance, if the one be but conditionally bound, whilst the engagement of the other is pure and simple, or if the one is allowed a term which is not granted to the other.

**4.** The *Chalstrom* court noted that "the demand against the alleged other solidary obligors asserts discovery of their responsibility on January 31, 1981, and the demand was made within a year of that discovery although four years and nine months after the alleged malpractice." 433 So.2d at 869 n. 3.