477 So.2d 1227 (1985)
Herman HEBERT and Lucy Hebert,
v.
DOCTORS MEMORIAL HOSPITAL.
No. 84-CA-0863.
Court of Appeal of Louisiana, First Circuit.
October 8, 1985.
Rehearing Denied November 8, 1985.
Writ Granted January 13, 1986.
*1228 Larry P. Boudreaux, Thibodaux, for plaintiffs-appellants, Herman Hebert and Lucy Hebert.
Donald T. W. Phelps, Daniel A. Reed, Baton Rouge, for defendant-appellee Doctors Memorial Hosp.
Before EDWARDS, LANIER and JOHN S. COVINGTON, JJ.
EDWARDS, Judge.
Plaintiffs appeal the dismissal of their medical malpractice case on an exception of prescription. We affirm.
The incident which precipitated the claim occurred while Mrs. Hebert was in Doctors Memorial Hospital for treatment of an arm ailment. According to the petition, after ringing for assistance, waiting several minutes and receiving none, Mrs. Hebert got out of her hospital bed and began walking to the bathroom, whereupon she had an epileptic seizure, and fell to the floor, sustaining head, back, and kidney injuries.
Plaintiffs alleged that both the hospital and the treating physician, Dr. Joe Morgan, were negligent by failing to give Mrs. Hebert medication to control her epilepsy. Plaintiffs further alleged that the hospital was also negligent in failing to respond within a reasonable time to her call for assistance.
Plaintiffs settled with and released the hospital, so this appeal concerns only plaintiffs' suit against Dr. Morgan. The trial court granted his exception of prescription and dismissed plaintiffs' case.
The chronology of events is as follows:
1. Mrs. Hebert admitted to hospital on March 16, 1975
2. Injury occurred March 17, 1975
3. Suit filed against hospital March 15, 1976
4. Plaintiffs released hospital February 25, 1982, but reserved their rights against others
5. Amended petition adding Dr. Morgan as defendant filed October 3, 1983
6. Judgment dismissing hospital, January 12, 1984
Although the issue in this case is simply whether plaintiffs' case against the treating physician has prescribed, the resolution of this issue requires us to deal with several other issues.

RELATION BACK OF AMENDMENT
There is no question that the suit against the hospital was timely. Citing article 1153 of the Code of Civil Procedure, plaintiffs argue that the amended petition adding Dr. Morgan as a defendant related back to the date of the filing of the original suit, and therefore that the suit against *1229 him is timely. "When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading." LSA-C.C.P. art. 1153. Nevertheless article 1153 does not authorize the relation back of an amendment which merely adds a new defendant. Lowe v. Rivers, 448 So.2d 848, 850 (La.App. 2d Cir.1984) (citing McClendon v. Security Insurance Co., 340 So.2d 426, 428 (La.App. 4th Cir.1976)).
Even where an amending petition seeks merely to correct a misnomer, the amendment relates back to the date of filing of the original petition only if the substitute defendant had notice of the action, knew or should have known that the action would have been brought against him had it not been for a mistake concerning his identity, and if the substitute defendant is not a wholly new or unrelated defendant (which would be tantamount to the assertion of a new cause of action). Ray v. Alexandria Mall, 434 So.2d 1083, 1087 (La. 1983).[1]
The addition of Dr. Morgan as a defendant was not a matter of correcting a misnomer; despite his solidary relationship with the hospital, he was a completely new defendant, and therefore his addition was the assertion of a new cause of action. Therefore the amendment did not relate back to the date of the filing of the original lawsuit. It follows then that calculations concerning prescription as to Dr. Morgan must be made from the date he was added as a defendant, October 3, 1983.

PRESCRIPTIVE PERIOD
The parties agree that LSA-R.S. 9:5628 states the applicable prescriptive period. Yet they disagree on just what that period is.
A. No action for damages for injury or death against any physician, chiropractor, dentist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.
B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
LSA-R.S. 9:5628.
There are two types of malpractice claims: those in which injury is immediately evident, and those in which the injury does not manifest itself until some time after the malpractice. Recognizing this distinction, section 9:5628 sets up a two prong approach to malpractice prescription. As to the former, LSA-R.S. 9:5628 is very straightforward, restating the basic tort prescriptive period of one year. See LSA-C.C. art. 3492. As to the latter, however, claimants have one year from the date of the discovery of the malpractice, so long as the discovery is no more than three years from the date the malpractice occurred. LSA-R.S. 9:5628; Chalstrom v. Desselles, 433 So.2d 866, 868 (La.App. 4th Cir.), cert. denied, 438 So.2d 215 (La.1983). The three-year limitation applies only to the discovery rule.
The discovery rule with the three-year limit represents a reasonable compromise between two competing interests: (1) protecting those whose malpractice claims were not immediately apparent and (2) cutting off stale claims that might otherwise *1230 remain for many years.[2] There is no need for a three-year limitation on the basic one-year period.
Because the instant case alleges malpractice that was immediately evident, the prescriptive period provided in LSA-R.S. 9:5628 is simply one year; the three-year limitation does not come into play. Therefore we need not consider the question raised by the parties whether the three-year period is prescriptive or peremptive.[3] Plaintiffs sued Dr. Morgan in 1983 for malpractice which allegedly occurred in 1975. Thus their claim had clearly prescribed, unless prescription was interrupted.

INTERRUPTION OF PRESCRIPTION
The doctor and the hospital are solidary obligors. See LSA-C.C. art. 1794. Consequently plaintiffs' suit against the hospital interrupted prescription on their claim against Dr. Morgan. See LSA-C.C. art. 1793. And that interruption continued as long as the suit against the hospital was pending. See Louviere v. Shell Oil Co., 440 So.2d 93, 96 (La.1983). Thus we must determine when the suit against the hospital terminated.

PENDENCY OF SUIT AGAINST HOSPITAL
The judgment dismissing the hospital was signed in January 1984, about three months after plaintiffs added Dr. Morgan as a defendant. Nevertheless, when plaintiffs settled with and released the hospital, on February 25, 1982, no other defendants remained in the suit. Plaintiffs did not add Dr. Morgan until one year and eight months after they released the hospital. Thus for that period of one year and eight months, plaintiffs' suit had no defendant. Our question then is whether, for purposes of interruption of prescription, a suit in which all defendants have been released but in which no judgment of dismissal has been signed is still pending.
The compromise by which plaintiffs released the hospital was in writing as required by article 3071 of the Civil Code, and that compromise has the effect of a judgment between the parties. LSA-C.C. art. 3078. See also Higgins v. Department of Health and Human Resources, 451 So.2d 142, 144 (La.App. 1st Cir.1984) (citations omitted). Consequently plaintiffs' claim against the hospital was res judicata from the day they signed the release. LSA-C.C. art. 3078. Despite the absence of a judgment of dismissal, the suit ceased to exist the day plaintiffs released the only defendant. After that point the suit had no object, no defendant, no substance.
Moreover, by the terms of the release, plaintiffs obligated themselves to obtain the judgment of dismissal. Thus they were able to control the date of the dismissal; they obtained the dismissal two years after they signed the release. We therefore hold that for purposes of interruption of prescription, plaintiffs' suit against the hospital was no longer pending after they released the only defendant at the time. To hold otherwise would be to allow a plaintiff to compromise a claim against one solidary obligor, and yet retain his claims against other solidary obligors indefinitely merely by the simple expedient of delaying in obtaining a judgment of dismissal. In this *1231 manner a plaintiff could manipulate the time of asserting his claim against any defendant to the prejudice of that defendant. United States Fidelity and Guaranty Co. v. SAFECO Insurance Co., 420 So.2d 484, 488 (La.App. 1st Cir.1982).[4]
Since plaintiffs' suit ended on February 1, 1982, with the release of the only defendant, the interruption of prescription on the claim against Dr. Morgan ceased on that day, and prescription began to run anew. Plaintiffs then had one year from that date to bring their suit against Dr. Morgan. See Garrity v. Cazayoux, 430 So.2d 1138, 1140 (La.App. 1st Cir.1983). Their claim against Dr. Morgan, filed October 3, 1983, was clearly past that one year, and accordingly was not timely. Therefore the trial judge was correct in maintaining Dr. Morgan's exception of prescription and dismissing plaintiffs' suit. The judgment of the district court is affirmed at appellants' cost.
AFFIRMED.
NOTES
[1] Article 1153 is based on Fed.R.Civ.P. 15(c). For a thorough discussion, see Ray v. Alexandria Mall, 434 So.2d 1083, 1085-86 (La.1983).
[2] This court has held the three-year limitation constitutional. See, e.g., Valentine v. Thomas, 433 So.2d 289 (La.App. 1st Cir.), cert. denied, 440 So.2d 728 (La.1983); Blanchard v. Farmer, 431 So.2d 42 (La.App. 1st Cir.), cert. denied, 438 So.2d 571 (La.1983).
[3] The question has been addressed, however. The Fourth Circuit held the three-year period prescriptive and thus susceptible of interruption. See Chalstrom v. Desselles, 433 So.2d 866, 868 (La.App. 4th Cir.), cert. denied, 438 So.2d 215 (La.1983). See also Billiot v. American Hospital Supply Corp., 721 F.2d 512 (5th Cir.1983) (citing Chalstrom). On the other hand, this court has stated, albeit in dicta, that the period is peremptive. See Blanchard v. Farmer, 431 So.2d at 43.

The instant case graphically demonstrates an untoward result of holding the three-year period peremptive. A plaintiff who can take advantage of interruption of prescription may be able to keep his claim alive much longer than the three-year limit imposed on plaintiffs who come under the discovery rule.
[4] The resolution of SAFECO did not depend on the pendency issue. Two solidary obligors settled with and paid plaintiffs and were released, but they did not obtain a judgment of dismissal. More than one year afterward, they sought contribution from another solidary obligor by filing a third party demand. Because they filed their contribution claim more than one year after the date they became legally obligated to pay (and had in fact paid), their claim has prescribed, regardless of whether the suit was still pending.