**O.J. VINCENT, Plaintiff–Appellee,**

v.

**A.C. & S., INC., et al., Defendants–Appellants.**

No. 87–4247.

United States Court of Appeals, Fifth Circuit.

Dec. 7, 1987.

Lawrence G. Pugh, III, New Orleans, La., for Raymark, Inc.

John B. Scofield, Thomas M. Bergstedt, Richard M. Perles, Patrick D. Gallaugher, Jr., Lake Charles, La., for Turner & Newell, et al.

Edward O. Taulbee, IV, Kenny L. Oliver, Lafayette, La., for Combustion Engineering, Inc.

William B. Baggett, Jr., William B. Baggett, Lake Charles, La., for plaintiff-appellee.

Before REAVLEY, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Appellants A.C. & S., Inc, *et al.* claim appellee Vincent's cause of action based upon having become a victim of asbestosis is barred by Louisiana's one year prescription period. La.Civ. Code Ann. art. 3492 (West Supp.1987). The district court denied appellants' motion for summary judgment, holding prescription had not occurred because of the provisions of Articles 3466 [1] and 3463 [2] of the Louisiana Civil Code. We affirm the district court.

### Facts

Appellee Vincent was diagnosed as having contracted asbestosis in 1981, and within the year of limitations sued eleven asbestos manufacturers. On March 15, 1984, a few days before trial, Vincent informed the district court that he had settled with the eleven defendant manufacturers for $200,000. On the same day, the district court entered an order stating that the case was to be dismissed without prejudice upon stipulation to be submitted by the parties and subject to being reopened in ninety days if the settlement was not consummated.

The next day, March 16, 1984, (obviously prior to the ninety day expiration and final judgment in the first case), Vincent undertook to file a supplemental and amended complaint on the same cause of action against a new set of asbestos manufacturers. The district court determined that the

---

1. La.Civ.Code Ann. art. 3466 (West Supp.1987) states:

    If prescription is interrupted, the time that has run is not counted. Prescription commences to run anew from the last day of interruption.

2. La.Civ.Code Ann. art. 3463 (West Supp.1987) states:

    An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescription period continues as long as the suit is pending. *Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at the trial.* [Emphasis added].

1982 suit against the original eleven defendant manufacturers had settled, and directed that the 1984 supplemental complaint be treated as a new case. On August 7, 1984, Vincent and the original eleven manufacturers, pursuant to Fed.R.Civ. P. 41(a), filed the formal stipulation of dismissal with prejudice called for in the court's order of March 15. The second set of manufacturers, those of the 1984 suit, later moved for summary judgment claiming that the cause of action had accrued in 1981 and that the one year prescription period had already run against Vincent's claim.

■ Under Louisiana law, prescriptions affecting one principal cause of action are interrupted by suit on that cause of action and run anew when the suit is no longer pending. *Louviere v. Shell Oil Co.*, 720 F.2d 1403 (5th Cir.1983) (upon certification holding in accordance with the decision of the Louisiana Supreme Court interpreting La.Civ.Code Ann. art. 3466). Thus, looking only to this postulate, Vincent's second asbestosis suit was filed prior to completion of his first suit. The statute of limitations was effectively tolled.

This tolling provision is limited, however, by La.Civ.Code Ann. art. 3463, which states in pertinent part:

> Interruption [of prescription] is considered never to have occurred if the plaintiff abandons, *voluntarily dismisses*, or fails to prosecute the suit at the trial. [emphasis added].[3]

If the March 15, 1984, closing order without prejudice was a "voluntary dismissal" within the meaning of La. art. 3463, then it erased the interruption of prescription by pre-dating Vincent's 1984 suit. The district court ruled dubitante that the closing order was not a voluntary dismissal, denied the motion for summary judgment, and certified an appeal under 28 U.S.C. § 1292(b). The second set of manufacturers appeal.[4]

## DISCUSSION

■ The sole issue presented on appeal is whether voluntary dismissal of Vincent's suit against the original eleven manufacturers (the 1982 suit) occurred before filing of the amendment which became the suit against the second set of manufacturers (the 1984 suit). Stated another way, the issue is whether the district court's March 15, 1984, order dismissing the 1982 suit without prejudice was a voluntary dismissal under La. art. 3463. We find that the order was not a voluntary dismissal, because voluntary dismissal of the original 1982 suit occurred only after the 90 day postponement of final order by the district court. Before the expiration of the 90 day period, the petition to amend to include appellants had been filed. Thus, the 1984 suit against the second set of defendant manufacturers is not barred by prescription.

This case is in federal court under diversity jurisdiction. 28 U.S.C. § 1332. It is well established that federal procedural law and state substantive law apply in a diversity action. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed 1188 (1938). And state statutes of limitations are considered substantive for purposes of *Erie* analysis. *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); *Abdul–Alim Amin v. Universal Life Ins. Co.*, 706 F.2d 638, 640 (5th Cir.1983). Thus, we apply Louisiana prescription law and the Federal Rules of Civil Procedure. First we address "voluntary dismissal" within the context of the La.Civ. Code Ann. art. 3463 tolling provision. We then consider the district court's closing order as it relates to that provision.

While "voluntary dismissal" is the term used in La. art. 3463, whether or not there has been a voluntary dismissal in a case in federal court must depend on federal procedural law as implemented under Fed.R. Civ.P. 41(a). *See Hilbun v. Goldberg*, 823

---

3. This statute has been interpreted to apply to suits filed after voluntary dismissal. But it does not apply to suits filed more than one year after the tort which are based on the same cause of action as that of a timely suit which is later dismissed. *Levy v. Stelly*, 277 So.2d 194 (La. App.1973).

4. Manufacturer Raymark settled with Vincent and was dismissed from the appeal.

F.2d 881 (5th Cign1987) (diversity case holding that a Fed.R.Civ.P. 41(b) failure to prosecute constitutes a voluntary dismissal under La.Civ.Code Ann. art. 3463). Under Fed.R.Civ.P. 41(a), voluntary dismissal may occur: "(1) By Plaintiff; By Stipulation," or "(2) By Order of Court." We are not concerned with Rule 41(a)(1) dismissal by stipulation of plaintiff. In this case the parties did not formally stipulate to dismissal until August 7, 1984,—five months after Vincent filed against the second set of manufacturers. But under Rule 41(a)(2) voluntary dismissal may also occur by order of court. Thus, the core issue in the case is whether the district court's order of March 15, 1984, was a voluntary dismissal by order of court.

The prospect is unseemly. Rule 41(a) is interpreted to refer to dismissals made at the plaintiff's request. *Schwarz v. Folloder*, 767 F.2d 125 (5th Cir.1985). *See also* 9 C. Wright and A. Miller, *Federal Practice and Procedure* 2364, at 165 (1971) (The purpose of 41(a)(2) "By Order of Court" dismissal is to protect the defendant from prejudice by plaintiff-instigated dismissals). Vincent never instigated dismissal, at least not until the formal stipulation in August of 1984. He merely notified the district court in March that his first suit had settled. The district court's closing order of March 15, 1984, was only a tentative termination of the first suit. The district court specifically called for a stipulation to be submitted by the parties and further allowed for the possibility of the case being "reopened" if settlement was not finalized within ninety days.[5] The fact that the district court assigned a new number to the case did not change the fact that it was an amendment to the first suit because the court order recognized the settlement was "with a reservation of rights." This amendment occurred before formal stipulation of dismissal in the first suit. Thus, the provision of La.Civ.Code Ann. art. 3463 tolled the running of limitations and the suit against the second set of defendant manufacturers is not time barred. We affirm the district court's denial of the motion for summary judgment which was based upon prescription.

AFFIRMED.

**PATRICK E. HIGGINBOTHAM,** Circuit Judge, specially concurring:

I join Judge Williams' opinion affirming the district court, but disagree with one of its reasons. Whether or not there has been a voluntary dismissal under the Louisiana statute that sets the conditions for tolling the Louisiana prescriptive period is a matter of Louisiana law. Louisiana, as a matter of its substantive policy, does not extend the benefit of tolling to a plaintiff who "voluntarily" terminates a suit. The treatment of a termination by the Federal Rules of Civil Procedure and its characterization as voluntary may well inform a conclusion that a particular dismissal was voluntary, but it does not control that conclusion.

Our decision in *Hilbun v. Goldberg*, 823 F.2d 881 (5th Cir.1987), is not to the contrary. There we concluded that where the Federal Rules afford a form of dismissal not available under Louisiana law we were "to decide this question as we believe the Louisiana courts would if they were to address it." *Id.* at 883. I am persuaded that a Louisiana court would conclude that the only "dismissal" at issue was not effective until after the disputed amendment was made. We need say no more.

---

5. La.Civ.Code Ann. art. 3463, Comment b states in pertinent part:

[I]f an interruption results and the action is dismissed without prejudice, the period during which the action was pending does not count toward the accrual of prescription. The plaintiff then has the full prescriptive period within which to bring a new action.

See *Hebert v. Cournoyer Oldsmobile–Cadillac–SMC, Inc.*, 405 So.2d 359 (La.Att. 4th Cir. 1981).
This provision shows that a Louisiana law is in accordance with our holding that "voluntary dismissal" under art. 3463 does not include tentative dismissals, such as the district court's closing order.