LOBRANO, Judge.
Plaintiff, the lessee of 3452 St. Ferdinand Street in New Orleans seeks recovery from defendant First Georgia Underwriters Co., the homeowners insurer of William B. Allen, owner of the premises, as a result of damages sustained by him from a fire which originated at 3450 St. Ferdinand Street the other half of the double house owned by Allen.
The trial court rendered judgment in favor of plaintiff and against defendant insurer in the sum of $4,000.00. Defendant appeals raising the following issues:
(1) Whether the trial court erred in overruling defendant’s exception of prescription and;
(2) Whether based on the facts and evidence presented, the trial judge committed manifest error rendering judgment for the plaintiff.
PRESCRIPTION:
Defendant argues that plaintiff’s original petition was in contract. Since the amended petition alleging the specific negligence of Allen, defendant’s insured, was filed more than one year after the fire any claim sounding in tort had therefore prescribed.
We disagree. Plaintiff’s original petition was brought under the Louisiana Direct Action Statute, LSA R.S. 22:655. “Direct actions authorized by LSA-R.S. 22:655 are limited to tort liability only. They are not authorized in actions resulting from breach of contract.” Champion v. Panel ERA Mfg. Co., 410 So.2d 1230 (La.App. 3rd Cir.1982). The use of “magic” words is not necessary in a petition so long as the defendant is reasonably apprised of the cause of action against him. See, Champion, supra. Clearly, defendant was put on notice that a negligence claim was being filed against it on behalf of its insured since the petition was styled as a direct action proceeding. The petition contained none of the allegations or factual pleadings which would be found in a suit under contract. The trial court was correct in overruling the exception of prescription.
LIABILITY:
Prior to the start of trial, it was stipulated by the parties that:
(1) William B. Allen owned 3450/3452 St. Ferdinand Street on the date of the accident;
(2) Joubert Realty was the real estate manager for the properties; and
(3) The fire started at 3450 St. Ferdinand Street as a result of combustibles being placed too close to the pilot light of the hot water heater, which combustibles ignited and spread.
Defendant argues that by this stipulation plaintiff admitted that the fire was not due to any defect in the premises but rather was caused by the negligence of Clayton Franklin, the tenant at 3450 St. Ferdinand Street, in placing the combustibles in too *929 close a proximity to the pilot light of the heater.
Plaintiff urges that a non-defective heater would not have ignited the combustibles and that having proved the heater was defective, there was no error in the trial court’s judgment. We agree.
Plaintiff testified that the shield over the pilot light opening was missing and that “heat would come out of it when the hot water heater went on.” This was corroborated by Clayton Franklin, the tenant at 3450 St. Ferdinand Street[1] who stated that flames used to come out from the heater and that there was no door where you put the match to light it.
Additionally the following admissions of fact, made by the defendant, were introduced into evidence by plaintiff.
“1. Neither the insured owner of the house, Mr. William B. Allen nor the managing agents, Mr. and Mrs. Sanders and Ernest Joubert Realty Company, knew where the subject hot water heater was;
2. Nor the date the hot water heater was purchased;
3. Nor where it was purchased from;
4. Nor the person who installed it;
5. Nor the date the hot water heater was installed; and,
6. Nor the date of any maintenance performed on the hot water heater before the subject fire.”
Mr. Earl Carson, the president of Ernest Joubert Realty Company testified that his company would have performed an inspection of the subject premises only upon request of the owner and that his company had never been requested to conduct any inspection, and that the agent never made any independent inspection of the subject gas hot water heater.
Defendants attempted to impeach the credibility of plaintiff and his witness 'through the use of prior allegedly inconsistent statements. Additionally defendant offered the testimony of Mr. B.M. Dorn-blatt a consulting engineer. Mr. Dornblatt testified that the placement of the hot water heater was not in violation of any city or fire code and it was his further opinion that the hot water heater, which was on the premises at the time of the fire did not explode. He did indicate, however, that it would be dangerous if a heater shot flames out of the opening where the lid should be.
The trial judge apparently discounted the testimony of Mr. Dornblatt in that his examination of the premises was conducted 11 months after the fire. By that time the shed had been rebuilt and a new hot water heater in place. Additionally the subject hot water heater had been destroyed prior to the time that Mr. Dornblatt was called in to investigate and his conclusions were based on the viewing of polaroid shots of the subject hot water heater.
Plaintiff does not contend that the heater exploded, but rather that the flames which shot out of the heater ignited the articles which had been placed in proximity to it.
The law which governs claims such as the one presented by plaintiff is LSA-C.C. Art. 2695, which reads as follows: .
“The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, lessor shall be bound to indemnify him for the same.”
Under the article and also under a general theory of negligence as dictated by Civil Code Article 2315, petitioner has met his burden of proof by establishing with a fair preponderance of evidence that the hot water heater was in a deteriorated and dangerous condition thus causing the fire. It was not necessary for petitioner to show the owner had prior knowledge of the de- *930 fective condition, but only that a defective condition did exist and that this defect was the cause of petitioner’s loss. Sabin v. C. & L. Development Corp., 141 So.2d 482 (La.App. 1st Cir.1962). This defective condition was established and corroborated at trial. See, also Keller v. Kelley, 378 So.2d 1006 (La.App. 4th Cir.1979), writ denied 880 So.3d 624, where burden shifts to lessor to exonerate himself.
Once the applicable standards of care are established negligence is a question of fact for the judge or jury and in the absence of manifest error, the reviewing court should not disturb the factual determination of negligence. Prestridge v. Commercial Union Assurance Co., 413 So.2d 959 (La.App. 3rd Cir.1982). Although some of the evidence at trial may have been conflicting, if competent evidence is presented to persuade the finder of fact, the reviewing court must affirm the decision in light of the specific limitations of appellate review, i.e. manifest error. Canter v. Koehring, 283 So.2d 716 (La.1973); Forstall v. Hotel Dieu Hospital, 429 So.2d 213 (La.App. 4th Cir.1983).
For the above and foregoing reasons the judgment of the trial court is affirmed. Defendant to bear all costs.
AFFIRMED.

. 3450 was the premises where the fire began. 3452 was the other half of the double where plaintiff resided.