716 So.2d 682 (1998)
Bessie M. KEKKO, Appellant,
v.
K & B LOUISIANA CORPORATION, Appellee.
No. 95-CA-00838 COA.
Court of Appeals of Mississippi.
June 9, 1998.
Winthrop G. Gardner, New Orleans, LA, for Appellant.
Lawrence C. Gunn, Jr., L. Clark Hicks, Jr., Hattiesburg, for Appellee.
Before BRIDGES, C.J., and HERRING, and SOUTHWICK, JJ.
BRIDGES, Chief Judge, for the Court:
¶ 1. On September 19, 1988, Bessie M. Kekko, a resident of Mississippi, allegedly slipped and fell at a K & B drug store in Slidell, Louisiana. K & B Louisiana Corporation owns and operations K & B drug stores in Louisiana. K & B Louisiana Corporation is a Louisiana corporation and does not own or operate any K & B drug stores in Mississippi.
¶ 2. Mrs. Kekko filed suit in Harrison County Circuit Court on September 8, 1994. On June 30, 1995, the circuit court granted the appellee/defendant's motion to dismiss for lack of jurisdiction and Mrs. Kekko filed her appeal and argues that the circuit court erred in holding that it did not have in personam jurisdiction over K & B Louisiana Corporation. Finding no error, we affirm.
¶ 3. To assert personal jurisdiction over K & B Louisiana Corporation, it must be amenable to suit under Mississippi's long arm statute, Miss. Code Ann. § 13-3-57 (Supp. 1997). This statute allows exercise of personal jurisdiction over a nonresident corporation if it made a contract with a Mississippi resident to be performed in whole or in part in this state, committed a tort in whole or in part in this state against a resident or nonresident, or conducted any business or performed any character of work or service in Mississippi. It is undisputed that there was no contract involved and that no tort was committed in Mississippi. The only question is whether K & B Louisiana Corporation was "doing business" in Mississippi.
¶ 4. Prior to the amendment of the long arm statute in 1991, the test for determining whether a nonresident corporation is doing business in Mississippi was the nonresident corporation must purposefully do some act or consummate a transaction in Mississippi, the cause of action must arise from or be connected with the act or transaction in Mississippi, and the assumption of jurisdiction by *683 Mississippi must not offend traditional notions of fair play and substantial justice. Gross v. Chevrolet Country, Inc., 655 So.2d 873, 877 (Miss. 1995); Rittenhouse v. Mabry, 832 F.2d 1380, 1384 (5th Cir.1987)(citing Mladinich v. Kohn, 250 Miss. 138, 147, 164 So.2d 785, 790 (1964)). Effective July 1, 1991, the legislature amended the statute and repealed the nexus test. "The amended statute applies prospectively to actions commenced after its effective date." Southern Pacific Transp. Co. v. Fox, 609 So.2d 357, 360 n. 5 (Miss. 1992). Because this suit was filed in 1994, we apply the amended statute and look to whether K & B Louisiana Corporation (1) did some act or consummated a transaction in Mississippi and (2) whether the assumption of jurisdiction by this state would offend traditional notions of fair play and substantial justice.
¶ 5. There was testimony from a corporate representative that K & B Louisiana Corporation paid for advertising placed by K & B Services, Incorporated, a separate corporation. There was no testimony that the advertising on New Orleans television stations or in the New Orleans Times Picayune newspaper was specifically directed at Mississippi residents or designed to induce them to favor a K & B located in Louisiana over their local K & B drugstore.
¶ 6. The appellant argues that because K & B Louisiana Corporation advertised on Louisiana television stations which broadcasted into Mississippi that the nonresident corporation is amenable to suit in a Mississippi court. As the circuit court stated, "This Court would be stretched thin to infer a `purposeful act or transaction' in Mississippi from the fact that the advertisement on WWL-TV reaches viewers in Mississippi."
¶ 7. In Gross, a Mississippi resident sued a Texas automobile dealer for negligent repairs performed in Texas. The supreme court found that the advertising of "Mr. Goodwrench" in Mississippi was intended to induce Mississippi residents to deal with dealers in Mississippi and that there was no purposeful solicitation of Mississippi residents to go to Texas for automobile repairs. Gross, 655 So.2d at 878. See also Peterson v. Test International, E.C., 904 F. Supp. 574, 579 (S.D.Miss. 1995) ("Solicitation through advertisements in out-of-state newspapers that happen to be circulated in Mississippi, does not establish jurisdiction under the long-arm statute's `doing business' prong.").
¶ 8. Although the nexus test has been abolished, the appellant argues that "the whole point of KBL's advertising is to induce the public to do business with K & B Drug Stores by entering the stores and to shop." Although not necessary to our analysis, we, however, agree with the circuit court that "[t]here was no nexus between the mere advertisement into a state and the slip and fall in this case."
¶ 9. The second part of the test must be considered in light of the amount and type of activity in the state, the relative convenience of the parties, the benefits and protection of Mississippi's laws afforded the parties and the equities of the situation. Gross, 655 So.2d at 877-78 (citing Rittenhouse, 832 F.2d at 1384). In this case there were "no substantial, continuous and deliberate contacts with Mississippi, there [was] no purposeful availment of the Mississippi market and no invocation of the benefits and protections of Mississippi laws." Gross, 655 So.2d at 878. We can only conclude that assertion of jurisdiction over K & B Louisiana Corporation would offend "traditional notions of fair play and substantial justice." International Shoe Co. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).
¶ 10. We affirm the judgment of the circuit court dismissing the appellant's case for lack of personal jurisdiction.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO THE APPELLANT.
COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE and SOUTHWICK, JJ., concur.
McMILLIN, P.J., concurs in result only.
THOMAS, P.J., not participating.