IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 10, 2008

Charles R. Fulbruge III
Clerk

—————

No. 06-30554

—————

SHERRI G LEHMANN

Plaintiff-Appellant-Cross-Appellee

v.

GE GLOBAL INSURANCE HOLDING CORP; COREGIS INSURANCE
COMPANY; INTERNATIONAL INSURANCE COMPANY

Defendants-Appellees-Cross-Appellants

—————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CV-2630

—————

Before DeMOSS, DENNIS, and OWEN, Circuit Judges.

DENNIS, Circuit Judge:

Plaintiff-appellant Sherri Lehmann was injured when the car she was driving collided with a dump truck being operated by an employee of St. Tammany Parish, Louisiana ("the Parish"). She filed her first suit in a state court solely against the Parish and obtained a judgment in the amount of $784,607.42. She was unable to collect on the judgment, however, because neither the state nor the Parish appropriated funds for its payment. Article XII, section 10 of the 1974 Louisiana Constitution provides that a judgment against the state, a state agency, or a political subdivision is not exigible or payable except from funds appropriated therefor by the legislature or by the political

subdivision against which the judgment is rendered. Lehmann then brought this her second suit in state court under the Louisiana direct action statute, La. Rev. Stat. § 22:655, to collect on the judgment solely against the Parish's liability insurers, GE Global Insurance Holding Corporation, Coregis Insurance Company, and International Insurance Company (collectively, "GE").[1] GE removed this case to the United States District Court for the Eastern District of Louisiana and asserted defenses based on the joinder provisions of the state direct action statute, res judicata, prescription, and insurance policy terms and conditions. After a bench trial based on the pleadings, exhibits, and briefs, the district court rejected the res judicata and prescription defenses, but dismissed Lehmann's suit with prejudice because of her failure to join the insured, the Parish, as provided for by the direct action statute. Lehmann timely appealed, and GE cross-appealed. We reach the same result as the district court but for different reasons. The direct action statute does not require that Lehmann's suit against the insurer, GE, be dismissed simply because she did not join the insured, the Parish, in this suit; but Lehmann's action against GE prescribed when she failed to file suit within one year after the judgment in her first suit became final; when the judgment in her first suit became final and definitive, interruption of prescription by that suit ceased and prescription therefore ran for more than one year and expired prior to the untimely filing of her second suit. Accordingly, because the one-year liberative prescription for delictual actions ran on her action, we AFFIRM on that basis the district court's dismissal of her suit and pretermit consideration of GE's other defenses.

---

[1] More precisely, International Insurance Company issued the policy of liability insurance to the Parish. Coregis Insurance Company then became a successor in interest to International Insurance Company's liabilities under the Parish's policy. Coregis Insurance Company is a wholly owned subsidiary of GE Global Insurance Holding Corporation.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 26, 1991, Lehmann, a Louisiana resident, was injured when her motor vehicle collided with a dump truck owned by the Parish that was being operated by one of its employees. On August 27, 1992, Lehmann timely filed suit in Louisiana state court against the Parish and Gallagher Basset Services, the alleged insurer of the Parish, to recover for her injuries. She subsequently dismissed Gallagher Basset Services after learning that it was not the Parish's insurer. In 1997, Lehmann discovered that GE had issued a policy of automobile liability insurance to the Parish under which GE was obliged to defend and indemnify the Parish in respect to her accident. Nevertheless, Lehmann deliberately did not join GE as a defendant, because GE, as a private corporation, could have demanded a jury trial on her claim, whereas the Parish, as a political subdivision, could not;[2] Lehmann and her counsel thought it would be to her advantage to pursue her claim only against the Parish in order to have it decided exclusively by a judge, rather than have a jury decide the same claim against the insurer in the same proceeding. On August 21, 2001, six days before the case went to trial, GE received notice of Lehmann's state court lawsuit against the Parish. GE did not intervene or undertake to defend the Parish, and

---

[2] Louisiana Revised Statute section 13:5105 provides: "No suit against a political subdivision of the state shall be tried by jury." However, in Jones v. City of Kenner, 338 So. 2d 606, 607 (La. 1976), the Louisiana Supreme Court held that in a case brought against both a governmental and non-governmental defendant, section 13:5105 does not prohibit a jury trial on the claims brought against the non-governmental defendant "despite any identity or substantial similarity of the issues against both [the governmental and non-governmental defendants]." See also Scurria v. Madison Parish Police Jury, 566 So. 2d 1077, 1080 (La. Ct. App. 1990) ("It is well-settled that La. R. S. 13:5105 which prohibits jury trials against the state, state agency, or a political subdivision, does not apply to the liability carrier of a political subdivision even when it is joined in the same action and there exists identity or substantial similarity of issues against both parties."); David W. Robertson, Tort Liability of Governmental Units in Louisiana, 64 TUL. L. REV. 857, 883 (1990) ("[W]hen a governmental defendant invokes its bench trial right and there is a codefendant in the case, either the plaintiff or the codefendant may demand a jury trial of the issues between those two parties.").

the Parish did not call upon it to do so. The case was tried by a state court judge on August 27, 29, and 30, 2001.

On April 16, 2002, the state court rendered judgment in favor of Lehmann and against the Parish in the amount of $784,606.04, along with interest from the date of judicial demand until paid and all costs (which the court set at $6,172.09). The Louisiana First Circuit Court of Appeal affirmed the trial court judgment on July 2, 2003. The Parish allowed the judgment to become final without applying to the appeals court for rehearing or to the Louisiana Supreme Court for a writ of certiorari. Lehmann was unable to collect on the judgment, however, because the Parish did not appropriate the funds necessary to make it legally exigible and payable. See LA. CONST. art. XII, § 10(c); LA. REV. STAT. § 13:5109.[3]

On August 23, 2004, over one year after her judgment against the Parish had become final, Lehmann filed this lawsuit in Louisiana state court against GE seeking to recover the damages owed to her under the judgment. She contends that GE is responsible for payment of her judgment as a result of the coverage provided by the insurance policy that was in effect at the time of her motor vehicle collision. On September 22, 2004, GE removed the lawsuit to the United States District Court for the Eastern District of Louisiana. In its answer, GE pleaded the affirmative defense of nonjoinder of an indispensable party, arguing that the Parish was indispensable to the case pursuant to Louisiana's direct action statute, as well as the defenses of res judicata and prescription, among others. Lehmann then moved for leave to amend her complaint in order

---

[3] It is worth noting that the court below speculated that the Parish is unwilling to pay the judgment "because it failed to comply with the notice requirements of its insurance contract with [GE] and, as such, would not be reimbursed by [GE]."

to join the Parish as a party, but her motion was denied by the magistrate judge.[4]

After the district court denied the parties' cross-motions for summary judgment,[5] the parties agreed on March 13, 2006, to a bench trial in which adjudication would be based solely on submitted pleadings, briefs, and exhibits. GE did not challenge any of Lehmann's factual allegations, but instead asserted the following legal defenses: (1) that the claims had prescribed, (2) that the claims were barred by res judicata, (3) that the claims were barred by the terms of the Parish's insurance policy, and (4) that Lehmann failed to comply with Louisiana's direct action statute because she did not succeed in joining the Parish as a party. The district court rejected the first three arguments advanced by GE, but concluded that the direct action statute did not permit Lehmann to sue the insurer alone in this instance. The district court therefore rendered judgment in favor of GE and dismissed Lehmann's claims with prejudice. Lehmann then took this timely appeal of the district court's judgment. GE subsequently cross-appealed the district court's rejection of its other defenses.

---

[4] It is not clear from the magistrate judge's order of January 18, 2005, why Lehmann's motion for leave to amend her complaint was denied. The district court, however, later stated that the motion was denied because "allowing [Lehmann] to amend her complaint would unduly prejudice the Defendants." To the extent that Lehmann's briefing could be construed as a specific challenge to the magistrate judge's denial of leave to amend, we conclude that this argument is not properly before us because Lehmann failed to appeal the magistrate judge's order to the district court. See Rittenhouse v. Mabry, 832 F.2d 1380, 1387 (5th Cir. 1987), superseded on other grounds by statute as recognized in Kekko v. K & B Louisiana Corp., 716 So. 2d 682, 683 (Miss. Ct. App. 1998); United States v. Renfro, 620 F.2d 497, 500 (5th Cir. 1980); see also FED. R. CIV. P. 72(a).

[5] Among the issues upon which GE moved for summary judgment were its res judicata and prescription defenses.

## II.  STANDARD OF REVIEW

"'The standard of review for a bench trial is well established: findings of fact are reviewed for clear error and legal issues are reviewed de novo.'"  In re Mid-South Towing Co., 418 F.3d 526, 531 (5th Cir. 2005) (quoting Kona Tech. Corp. v. S. Pac. Transp. Co., 225 F.3d 595, 601 (5th Cir. 2000)); see also FED. R. CIV. P. 52(a).[6]

## III.  DISCUSSION

### A.

Lehmann argues that the district court erred when it concluded that she had not complied with the joinder procedures of Louisiana's direct action statute because none of the enumerated exceptions in section 655(B)(1)(a)-(f) were

---

[6] We note that the district court initially rejected GE's prescription defense, among others, on a motion for summary judgment.  GE then re-urged the prescription defense at the bench trial, whereupon the district court rejected it again for the reasons provided in its ruling on the motion for summary judgment.  Because GE appealed only the district court's judgment and order of reasons rendered after the bench trial, we use the standard of review for a bench trial in reviewing the district court's findings and conclusions on GE's prescription defense.

present, and thus dismissed her suit with prejudice.[7] We agree. In McAvey v. Lee, 260 F.3d 359 (5th Cir. 2001), we held that section 655(B)(1):

> consists of three complementary elements: (1) the injured plaintiff's substantive right against the insurer, which accrues derivatively with his substantive right against the insured tortfeasor; (2) the injured plaintiff's direct action or remedy against the insurer; and (3) the procedural requirements, set forth in the provision ending with subparagraphs (a)-(e) of section

---

[7] The direct action statute reads, in relevant part:

A. No policy or contract of liability insurance shall be issued or delivered in this state, unless it contains provisions to the effect that the insolvency or bankruptcy of the insured shall not release the insurer from the payment of damages for injuries sustained or loss occasioned during the existence of the policy, and any judgment which may be rendered against the insured for which the insurer is liable which shall have become executory, shall be deemed prima facie evidence of the insolvency of the insured, and an action may thereafter be maintained within the terms and limits of the policy by the injured person, or his or her survivors, mentioned in Civil Code Art. 2315.1, or heirs against the insurer.

B. (1) The injured person or his or her survivors or heirs mentioned in Subsection A, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only. However, such action may be brought against the insurer alone only when:
   (a) The insured has been adjudged a bankrupt by a court of competent jurisdiction or when proceedings to adjudge an insured a bankrupt have been commenced before a court of competent jurisdiction;
   (b) The insured is insolvent;
   (c) Service of citation or other process cannot be made on the insured;
   (d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons;
   (e) When the insurer is an uninsured motorist carrier; or
   (f) The insured is deceased.

LA. REV. STAT. § 22:655(A) & (B)(1).

655(B)(1), which, in effect, provide the insurer a procedural means to avoid defending a direct action alone, except in the circumstances listed, by objecting to the non-joinder of the insured.

Id. at 367.[8] Stated another way, we concluded that the section 655(B)(1)(a)-(f) provisions "merely added a procedural method by which the insurer can object to the non-joinder of the insured (other than in the exceptional circumstances listed)"; they "did not affect the plaintiff's substantive and remedial rights under the direct action statute . . . ." Id. at 370; see also Safford v. St. Tammany Parish Fire Prot. Dist. No. 1, No. 02-0055, 2004 WL 32925, at *4 (E.D. La. Jan. 6, 2004) (unpublished) (citing McAvey for the proposition that "defendant's right to demand joinder of its alleged assured is a procedural rather than substantive right"). We specifically rejected the argument that the (a)-(f) provisions are "a substantive condition precedent to the injured plaintiff's right, remedy and judgment against the insurer under the direct action statute." McAvey, 260 F.3d at 366; see also Montrell v. State Farm Mut. Auto. Ins. Co., 946 So. 2d 230, 233 n.2 (La. Ct. App. 2006) (citing with approval to this holding in McAvey). The district court, which had not been apprised of McAvey by the parties, concluded that Lehmann's suit must be dismissed on the theory that an action against an insurer alone pursuant to the direct action statute is only allowed when one of the enumerated exceptions in section 655(B)(1)(a)-(f) are present. For the reasons set forth in more detail in McAvey, the (a)-(f) provisions do not necessarily or automatically compel such a result. Accordingly, the district court's dismissal of Lehmann's suit on this ground was in error and is hereby vacated. We need not remand this case to the district court, however, because

---

[8] The provision for bringing an action solely against the insurer in the case of the death of the insured was added as 22:655(B)(1)(f), 1992 LA. ACTS 584. See McAvey, 260 F.3d at 368 n.6.

we conclude, based on the trial court record, that GE's prescription defense must be sustained for the reasons hereinafter set forth.

B.

Prescription is interrupted when the obligee commences action against the obligor in a court of competent jurisdiction and venue. LA. CIV. CODE art. 3462. Thus, Lehmann's first suit, which was so commenced, interrupted prescription on her action against the Parish. Further, it interrupted prescription on her action against GE too, because under the direct action statute, liability insurers and their insureds are classified as solidary obligors, and when prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors and their successors. LA. CIV. CODE art. 3503.

Such interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue within the prescriptive period continues as long as the suit is pending. LA. CIV. CODE art. 3463. In other words, after being interrupted by the filing of such a suit, prescription is continuously interrupted while the suit is pending. Id. at cmt. (b); see also Louviere v. Shell Oil Co., 720 F.2d 1403 (5th Cir. 1983) (upon certification holding in accordance with the decision of the Louisiana Supreme Court interpreting Louisiana Civil Code articles pertaining to prescription); id. at 1407 (discussing Allstate Ins. Co. v. Theriot, 376 So. 2d 950 (La. 1979)). Accordingly, Lehmann's first suit interrupted prescription on her action against both the Parish and GE until the judgment in that case became final on August 4, 2003, when the delay expired for any party to apply to the Louisiana Supreme Court for certiorari.

On August 4, 2003, therefore, the interruption caused by Lehmann's first suit ceased, and prescription began to run anew on Lehmann's action against GE. Id. at 1408 ("The corollary is that all prescriptions begin to run anew only

from the last day of interruption.") (emphasis in original) (citing LA. CIV. CODE art. 3466). Because Lehmann did not file her second suit until August 23, 2004, she failed to interrupt prescription on her action again. Prescription ran for more than one year unimpeded on her action, so that on August 5, 2004, her action against GE became subject to the liberative prescription period of one year that affects delictual actions.[9] LA. CIV. CODE art. 3492. Thus, because her action against GE had become prescribed, Lehmann's second suit filed on August 23, 2004, could not revive the action or cause another period of prescription to run.

The district court, nonetheless, concluded that the prescription of Lehmann's action against GE was governed by the ten-year prescription period for revival of money judgments under La. Civil Code art. 3501 because the underlying purpose of her suit is to enforce a money judgment. We cannot agree, however, because the record in Lehmann's state court suit that resulted in her judgment against the Parish demonstrates that GE was not made a party to that suit, that GE never submitted to the jurisdiction of the court in that case, and that the state court judgment does not purport to adjudicate GE's rights. Consequently, the state court judgment does not satisfy the requisites of a valid

---

[9] For purposes of prescription, the Louisiana courts classify an injured person's action against an insurer under the direct action statute consistently with an underlying delictual action. See, e.g., Cacamo v. Liberty Mut. Fire Ins. Co., 764 So. 2d 41, 43 (La. 2000) ("[The direct action statute] was enacted to give special rights to tort victims . . . ."); Reeves v. Global Indem. Co. of New York, 168 So. 488, 489 (La. 1936) ("Act No. 55 of 1930, which gives the plaintiff the right to proceed directly against the insurance carrier, expressly covers cases of this kind, i.e., actions ex delicto."); Hodges v. Republic W. Ins. Co., 921 So. 2d 175, 178 (La. Ct. App. 2005) ("In this case, the Hodgeses' claim against Gray is prescribed on the face of their amended petition because it was filed after the one-year prescriptive period had passed."); Etienne v. Nat'l Auto. Ins. Co., 747 So. 2d 593, 596 (La. Ct. App. 1999) ("Here, suit was brought against the insurer on February 8, 1995, within the applicable one-year prescriptive period."); Robertson v. First of Georgia Underwriters Co., 464 So. 2d 927, 928 (La. Ct. App. 1985) ("'Direct actions authorized by LSA-R.S. 22:655 are limited to tort liability only.'") (quoting Champion v. Panel ERA Mfg. Co., 410 So. 2d 1230, 1235 (La. Ct. App. 1982)).

judgment insofar as to be enforceable against GE for purposes of this case. See RESTATEMENT (SECOND) OF THE LAW OF JUDGMENTS introductory note and § 1 (1982). The plaintiff's argument suggesting that the direct action statute somehow authorizes her to enforce her judgment against GE without allowing it to have its day in court is also misplaced. As noted above, the statute creates substantive, remedial, and procedural rights, but it does not confer personal jurisdiction or dispense with the requirement of adequate notice. See id.; id. at § 2; 15 WILLIAM SHELBY MCKENZIE & H. ALSTON JOHNSON, III, LOUISIANA CIVIL LAW TREATISE, INSURANCE LAW & PRACTICE § 23 (3d ed. 2006).

## IV. CONCLUSION

For these reasons, we AFFIRM the judgment of the district court.