IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 29, 2008

Charles R. Fulbruge III
Clerk

No. 07-40944

ERNESTINE MANUEL

Plaintiff-Appellee

v.

TEXAS STATE TECHNICAL COLLEGE

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
(2:04-CV-239)

Before JONES, Chief Judge, and GARWOOD and SMITH, Circuit Judges.

PER CURIAM:[*]

Defendant, Texas State Technical College (TSTC), appeals the district court's judgment, following a bench trial, awarding plaintiff-appellee Manuel (Manuel) back and front pay, costs and attorney's fees, and finding that the negative performance evaluation and subsequent termination of Manuel were acts of retaliation in violation of section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). Following a bench trial, we review findings of fact for clear error and legal conclusions de novo. Lehmann v. GE Global Ins. Holding Corp., 524 F.3d 621,

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

624 (5th Cir. 2008).

Manuel is an African American woman who, until her termination, worked as an accountant in the Business Office at TSTC in Marshall, TX. When she was passed over for a promotion, she filed an internal racial discrimination complaint on May 20, 2002. On June 4, 2002, Manuel's supervisor gave her a poor performance evaluation, which prompted Manuel to file a second discrimination complaint. On August 8, 2003, Manuel was fired. After a bench trial, the district court found that Manuel's evaluation and eventual termination were adverse employment actions taken in response to her discrimination complaints, and accordingly concluded that TSTC had committed retaliatory acts in violation of Title VII.

We determine that the district court's findings of fact regarding Manuel's termination were not clearly erroneous. The evidence also adequately supports the district court's finding that the June 2002 poor performance evaluation was at least in part motivated by Manuel's initial discrimination complaint. However, because the relief granted by the district court depends solely on Manuel's termination, we need not determine whether the performance evaluation was itself an adverse employment action. The evidence sustains the district court's conclusion that Manuel was fired in retaliation for filing good-faith discrimination complaints and the reasons offered by TSTC for her termination were pretextual.

TSTC challenges the portion of the damages award granting Manuel lost back pay and front pay. Back pay is an equitable remedy that is within the sound discretion of the district court in Title VII cases, but the employee has a duty to avoid or minimize damages by finding substantially equivalent employment. Sellers v. Delgado College, 902 F.2d 1189, 1193 (5th Cir. 1990). We review the district court's determination of whether or not the employee has

2

fulfilled her duty to mitigate damages for clear error. Id. We review the district court's award of front pay for abuse of discretion. Giles v. Gen. Elec. Co., 245 F.3d 474, 489 (5th Cir. 2001). We find that the district court did not abuse its discretion in choosing to award back pay, nor did it commit clear error in finding that Manuel properly mitigated her damages. Furthermore, we find that the district court did not abuse its discretion in its front pay award.

The judgment of the district court is

AFFIRMED.