# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30500

United States Court of Appeals
Fifth Circuit

**FILED**

April 4, 2014

Lyle W. Cayce
Clerk

DONNA WHITE,

Plaintiff-Appellant

v.

AETNA LIFE INSURANCE COMPANY OF HARTFORD CONNECTICUT;
SANOFI-AVENTIS LONG TERM DISABILITY PLAN,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:12-CV-753

Before REAVLEY, PRADO, and OWEN, Circuit Judges.

PER CURIAM:*

Donna White appeals from the district court's dismissal of her claim for long-term disability benefits under an insurance plan issued and administered by Aetna and covered by the Employee Retirement Income Security Act (ERISA). The magistrate judge's report and recommendation sets out in detail the factual background of the case and the history of White's treatment for a thoracic aneurysmal aorta and bicuspid aortic valve disorder. The primary

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30500

issue on appeal is whether substantial evidence in the record supports the plan administrator's decision to discontinue White's disability benefits based on a determination that White's condition did not preclude her from working at any reasonable occupation, as that term is defined in the plan. After reviewing the record and the parties' arguments, we AFFIRM for essentially the same reasons given by the district court.

Because the plan gave Aetna discretionary authority to construe the plan's terms and render benefits decisions, we review the plan administrator's decision to deny benefits for an abuse of discretion. *See Truitt v. Unum Life Ins. Co. of Am.*, 729 F.3d 497, 508 (5th Cir. 2013). An abuse of discretion occurs if the plan administrator's decision is arbitrary or capricious, meaning that the decision is made without a rational connection between the decision and the known or found facts. *Id.* We will uphold the plan administrator's decision if our review reveals substantial evidence in the administrative record to support the denial of the claim. *Atkins v. Bert Bell/Pete Rozelle NFL Player Retirement Plan*, 694 F.3d 557, 566 (5th Cir. 2012). This requires evidence that is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

Here, White's own treating physicians, Dr. Burkett and Dr. Liguori, indicated that White was capable of performing some work. Dr. Burkett's only restriction was that White not lift over twenty pounds, while Dr. Liguori stated that White should not lift more than ten pounds. Although Dr. Liguori indicated at one point that White could not work, the doctor also stated that White merely could not work full days. Dr. Liguori signed a Capabilities and Limitations worksheet but did not indicate limitations on specific activities. Dr. Burkett initially indicated in a peer-to-peer consultation that White could perform any occupation without difficulty. He later stated that White could perform sedentary or light occupation work. Dr. Liguori also indicated in a

2

No. 13-30500

peer-to-peer consultation that White could do sedentary work. White's medical records were examined by independent physician reviewers, Dr. Pianko and Dr. Feldman. Dr. Pianko and Dr. Feldman both concluded there was no medical support for White's functional impairment. The opinion was supported by objective medical tests, including a stress test performed in June 2010 that was negative for stress-induced ischemia.

We conclude that the record contains substantial evidence supporting the plan administrator's conclusion that White was not precluded from returning to work. White asserted during oral argument that even if she could return to sedentary work, there was no medical evidence supporting her ability to perform the light-duty occupations of pharmacist or sales representative, which were the only occupations identified by the vocational expert. As noted above, Dr. Burkett indicated in his peer-to-peer consultation with Dr. Pianko in January 2010 that White could perform any occupation. Dr. Burkett then stated to Dr. Feldman in August 2010 that White could perform sedentary *or* light occupation. Moreover, Drs. Pianko and Feldman were both asked whether they believed White could perform the jobs identified by the vocational expert, and both answered affirmatively. Although White also challenges the conclusions of the vocational expert, she did not present any contrary vocational evidence.

White also argues that Aetna and the district court failed to account for the side effects of her numerous medications. Although it is undisputed that White has been prescribed multiple medications to treat her condition, her doctors did not answer questions on the Attending Physician Statements specifically asking whether the medications caused White any impairments. It was not an abuse of discretion for the plan administrator to conclude that impairments from medication did not impact White's ability to work. We

3

conclude from the totality of the record that there was substantial evidence to support the plan administrator's decision.

Two other matters require brief discussion. First, White argues that the plan administrator operated under a structural conflict of interest because Aetna both funded the plan and made benefits decisions. White is correct that this constitutes a conflict of interest, but we do not treat it as a significant factor because White offered no evidence to suggest that it affected the benefits decision, such as a history of biased claims administration. *See Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 117, 128 S. Ct. 2343, 2351 (2008); *Holland v. Int'l Paper Co. Ret. Plan*, 576 F.3d 240, 249 (5th Cir. 2009). Second, White argues that the magistrate judge erroneously denied her request, made more than one year after the final denial of her claim, to supplement the administrative record with additional medical documentation. Because White failed to preserve this issue for review by properly objecting in the district court, however, we may not consider it. *See, e.g., Lehmann v. GE Global Ins. Holding Corp.*, 524 F.3d 621, 624 n.4 (5th Cir. 2008); *see also* Fed. R. Civ. P. 72(a) and W.D. La. Local Rule 74.1(A).

There is no doubt that White has a grave and severe medical condition that requires close attention by her doctors. Our task is not to decide whether White should or should not receive disability benefits, however, and our review of the record is not technical or complex. *Atkins*, 694 F.3d at 566. Our function is to "only assure that the administrator's decision fall[s] somewhere on a continuum of reasonableness—even if on the low end." *Id.* (internal quotation marks and citation omitted). We do not substitute our judgment for that of the administrator. *Truitt*, 729 F.3d at 513. We are compelled to conclude that the plan administrator's decision was not arbitrary or capricious.

AFFIRMED.